# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBY L. DICKERSON,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br><br>SAFECO INSURANCE COMPANY OF AMERICA,<br><br>　　　　　　　Defendant. | CASE NO. 12-cv-485-MMA-WMc<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; AND**<br><br>[Doc. No. 4]<br><br>**DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

　　　Plaintiff Ruby L. Dickerson, proceeding *pro se*, filed this insurance action on February 28, 2012 against her homeowner's insurance carrier, Defendant Safeco Insurance Company of America. This action arises out of Plaintiff's insurance claim for reimbursement of money she spent to fix a water leak at her home. Defendant paid $4,089.13 on the claim for the plumbing work to fix the water leak, but did not pay for additional upgraded work including installation of a tankless water heater and kitchen and bathroom faucets. [*See* Complaint, Exhibits 1-3, Doc. No. 1.] Although Plaintiff's claims are not entirely clear from the complaint, it appears Plaintiff attempts to allege a fraud claim and seeks reconsideration of the denial of coverage.

　　　On May 17, 2012, Defendant filed the pending motion to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction,

1  12(b)(6) for failure to state a claim, and 12(b)(5) for failure to properly serve Defendant. [Doc.
2  No. 4.] Plaintiff did not file an opposition to the motion. For the following reasons, the Court
3  **GRANTS** Defendant's motion pursuant to Rule 12(b)(1) and **DISMISSES** the action for lack of
4  subject matter jurisdiction.

## DISCUSSION

6  Federal courts have limited jurisdiction, and therefore, can only hear certain types of
7  claims that the Constitution or Congress has authorized them to adjudicate. *Kokkonen v. Guardian*
8  *Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). For example, common bases for federal
9  jurisdiction include actions: where there is diversity of citizenship among the parties (28 U.S.C. §
10 1332); that present a federal question (28 U.S.C. § 1331); or are based on statutes that regulate
11 specific subject matters such as civil rights, antitrust, copyright, and trademark. Thus, "[i]t is
12 presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the
13 contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377.

14 "The party asserting jurisdiction has the burden of proving all jurisdictional facts." *Indus.*
15 *Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing *McNutt v. Gen. Motors*
16 *Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *Fenton v. Freedman*, 748 F.2d 1358, 1359, n. 1 (9th
17 Cir. 1984). Courts must presume a lack of jurisdiction until the plaintiff proves otherwise.
18 *Kokkonen*, 511 U.S. at 377. To overcome that presumption, the plaintiff must provide a statement
19 of the grounds for the federal court's subject matter jurisdiction. FED.R.CIV.P. 8(a) ("A pleading .
20 . . must contain (1) a short and plain statement of the grounds for the court's jurisdiction[.]").

21 It is well-established in this circuit that a court is to "liberally construe" the complaint of a
22 plaintiff appearing *pro se*. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987); *see also*
23 *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) ("More generally, the Court has held *pro se*
24 pleadings to a less stringent standard than briefs by counsel and reads *pro se* pleadings generously,
25 'however inartfully pleaded,'" citing *Haines*, 404 U.S. at 519, 520). These "liberal pleading
26 standards" are not without limits, however, and even a *pro se* litigant must, in order to avoid
27 dismissal, make allegations that vest the court with subject matter jurisdiction. *See Pilgrim v.*
28 *Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

1     Here, Plaintiff summarily states the Court's jurisdiction is based on the existence of a federal question and the U.S. Government is a Plaintiff. The complaint, however, does not allege any federal claims and the U.S. Government is not a party to this action. Upon review of the complaint, the Court concludes that Plaintiff's complaint does not raise a federal question and does not indicate diversity jurisdiction exists, as the amount in controversy is unclear and it is not evident whether the parties are citizens are different states. As such, Plaintiff fails to allege sufficient facts to establish this Court's subject matter jurisdiction and the Court cannot address the merits of Plaintiff's claims.

### CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's motion and **DISMISSES** this action pursuant to Federal Rule of Civil Procedure 12(b)(1). Dismissal is without prejudice, as Plaintiff may be able to amend her complaint to adequately allege subject matter jurisdiction.

**IT IS SO ORDERED**.

DATED: July 30, 2012

Hon. Michael M. Anello
United States District Judge